Todd M. Friedman, Esq. (216752)
tfriedman@toddflaw.com
Adrian R. Bacon, Esq. (280332)
abacon@toddflaw.com
Meghan E. George, Esq. (274525)
mgeorge@toddflaw.com
Thomas E. Wheeler, Esq. (304191)
twheeler@toddflaw.com
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
Attorneys for Plaintiffs, Helen Renee Traylor

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **HELEN RENEE TRAYLOR AND MICHAEL TRAYLOR, individually and on behalf of all others similarly situated,** <br><br> Plaintiffs, <br><br> vs. <br><br> **PAYPAL, INC. and WYNDHAM HOTEL MANAGEMENT, INC.,** **and Does 1-10, inclusive,** <br><br> Defendant(s). <br><br> _____ | Case No. <br><br> **Class Action Complaint For Violations Of:** <br><br> 1. **The Rosenthal Fair Debt Collection Practices Act,** _Cal. Civ. Code_ **§§1788, et seq.** <br> 2. **The California Business and Professions Code §17200** <br><br> **<u>Jury Trial Demanded</u>** |

1
**CLASS ACTION COMPLAINT**

## Introduction

1. This case arises as a result of false, deceptive and unfair debt-collection and business practices promulgated nationwide by Defendants, PayPal, Inc. ("PayPal") and Wyndham Hotel Management, Inc., ("Wyndham"), in an effort to illegally obtain funds from consumers and debtors without their permission.

2. In particular, Plaintiffs, Helen Renee Traylor and Michael Traylor ("Plaintiffs"), allege that within the year preceding the filing of this Complaint, Defendants attempted to collect funds from individuals by charging unauthorized funds from their accounts.

3. Such conduct is inherently deceptive and misleads the least-sophisticated consumer, as it is it is plausible that an unsophisticated consumer would believe that they owe the money that they are told that they owe.

4. Defendants' acts and omissions were intentional, and resulted from Defendants' desire to mislead debtors and consumers into making payments on amounts that they did not owe, thereby allowing Defendants to unfairly and unlawfully gain money from consumers and provide nothing in return.

5. Thus, plaintiffs bring class action claims against Defendants, under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), which was enacted to "eliminate abusive debt collection practices by debt collectors," and to "prohibit debt collectors from engaging in unfair or deceptive acts or

2
**CLASS ACTION COMPLAINT**

practices in the collection of consumer debts." 15 U.S.C. 1692(e); *Cal. Civ. Code* §1788.1(b). Plaintiffs allege that Defendants' practices were unlawful, unfair and fraudulent and violated California Business and Professions Code §17200 (hereinafter "CBPC").

## Jurisdiction and Venue

6. Jurisdiction is proper under *28 U.S.C. § 1332(d)(2)* because Plaintiffs, residents of Utah, seeks relief on behalf of a Class, which will result in at least one class member belonging to a different state than that of Defendants, companies with their principal place of business in California and New Jersey and State of Incorporation in Delaware.  Plaintiffs also seek $1,500.00 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction.  Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

7. Venue is proper in the United States District Court for the CENTRAL District of California pursuant to *18 U.S.C.  1391(b)* and *18 U.S.C. § 1441(a)* because Defendants do business within the state of California and the CENTRAL District of California.

///

3
**CLASS ACTION COMPLAINT**

**The Parties**

**8.** Plaintiffs are natural persons residing in Davis County, State of Utah who is obligated or allegedly obligated to pay any debt, and from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing, thereby rendering her a "a "debtor" under the RFDCPA, *Cal. Civ. Code* §§1788.2(h).

**9.** Defendant PayPal is a company that uses any instrumentality of interstate commerce or the mails in its business, the principal purpose of which is the collection of any debts; it also regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due themselves. Thus, Defendant PayPal is a "debt collector," under the RFDCPA, *Cal. Civ. Code* §1788.2(c). Defendant PayPal is a company with its principal place of business in San Jose, California and State of Incorporation in Delaware.

**10.** Defendant Wyndham is a company that uses any instrumentality of interstate commerce or the mails in its business, the principal purpose of which is the collection of any debts; it also regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due themselves. Thus, Defendant PayPal is a "debt collector," under the RFDCPA, *Cal. Civ. Code* §1788.2(c). Defendant PayPal is a company with its principal place of business in Parsippany, New Jersey and State of Incorporation in Delaware.

4
**CLASS ACTION COMPLAINT**

**11.** The debts Defendants attempted to collect from Plaintiffs and the putative class members qualify as "consumer debt(s)," under the RFDCPA, *Cal. Civ. Code* §1788.2(f).

### Factual Allegations

**12.** Within one (1) year preceding the filing of this class action lawsuit, Defendants attempted to collect and alleged debt from Plaintiffs.

**13.** On or around May 15, 2016, Plaintiffs were invited to attend a vacation ownership presentation at Wyndham Hotel in Anaheim, CA.

**14.** As part of the presentation, Plaintiffs were told to fill out a flyer in which Defendant Wyndham could check Plaintiffs' credit limit but would not charge anything.

**15.** After returning home, Plaintiffs discovered that Defendant Wyndham attempted to obtain and Defendant PayPal provided to Defendant Wyndham four thousand and eight hundred dollars ($4,800) from Plaintiffs' account.

**16.** Upon learning this, Plaintiffs immediately contacted Defendant PayPal to inform them of the mistake.

**17.** Defendant PayPal refused to return the money and instead kept indicating to Plaintiffs that Plaintiffs authorized the transaction.

5
**CLASS ACTION COMPLAINT**

**18.** Ultimately, Plaintiffs were forced to file a police report, only at which point, Defendant PayPal admitted to Plaintiff that the transaction was never authorized.

### Class Allegations

**19.** Defendants bring this class action on behalf of themselves and all others similarly situated ("the Class").

**20.** Defendants represent, and are members of the following class:

All persons residing in the United States, who, within the one (1) year preceding the filing of this Complaint, had unauthorized funds withdrawn from their account.

**21.** As a result of Defendants' conduct, plaintiffs and members of the putative class have been deprived of funds.

**22.** Defendants and its employees or agents are excluded from the Class. plaintiffs do not know the number of members in the Class, but believes the Class members number to be in the thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

**23.** This lawsuit seeks statutory damages, actual damages, and injunctive relief for recovery of economic injury on behalf of the Class and is not intended to request any recovery for personal injury and claims related thereto. Traylor

6
**CLASS ACTION COMPLAINT**

reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

24. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court.  The Class can be identified through PayPal's records or PayPal's agents' records.

25. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.  The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

    a.  Whether, within the one (1) year preceding the filing of this Complaint, Defendants attempted to withdraw unauthorized funds from Plaintiffs and Class members' accounts.

    b.  Whether Plaintiffs and the Class members were damaged thereby, and the extent of damages for such violation; and

    c.  Whether Defendants should be enjoined from engaging in such conduct in the future.

26. As a person that had unauthorized funds withdrawn from their account, Plaintiffs are asserting claims that are typical of the Class.  Plaintiffs will fairly

**CLASS ACTION COMPLAINT**

and adequately represent and protect the interests of the Class in that Plaintiffs have no interests antagonistic to any member of the Class.

27. Plaintiffs and the members of the Class have all suffered irreparable harm as a result of the Defendants' unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendants' will likely continue such illegal conduct, resulting in numerous debtors and consumers unknowingly paying more than they in fact owe.

28. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

29. Plaintiffs have retained counsel experienced in handling class action claims and claims involving violations of the RFDCPA and CBP.

30. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendants to comply with California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendants is small because the maximum statutory damages in an individual action under the

8
**CLASS ACTION COMPLAINT**

RFDCPA are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

31. Defendants have acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## FIRST CAUSE OF ACTION

### Violation of the  Rosenthal Fair Debt Collection Practices Act

32. Plaintiffs incorporate by reference, the preceding paragraphs of this Complaint.

33. Pursuant to §1788.17 of the RFDCPA: "[n]otwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code." *Cal. Civ. Code* §1788.17

34. Thus by engaging in conduct prohibited by Sections e(2)(A), e(4) e(5), and e(10) of the FDCPA, Defendants violated the RFDCPA.

35. As a direct proximate result of Defendants' conduct, Traylor and the Class have suffered actual damages and other harm, thereby entitling them to seek statutory damages in the amount of $1,000.00 each, actual damages and reasonably incurred attorney's fees and costs. *Cal. Civ. Code* §1788.30.

9

**CLASS ACTION COMPLAINT**

## Prayer for Damages

Wherefore, Traylor respectfully requests the Court grant Plaintiffs and the Class members the following relief against Defendants:

a. That this action be certified as a class action on behalf of The Class and Plaintiffs be appointed as the representative of The Class;

b. For statutory damages of $1,000.00 for Plaintiffs and each member of The Class pursuant to *Cal. Civ. Code* §1788.30.

c. .For actual damages according to proof;

d. For reasonable attorneys' fees and costs of suit;

e. For prejudgment interest at the legal rate; and

f. For such further relief as this Court deems necessary, just, and proper.

## SECOND CAUSE OF ACTION
### Violation of Unfair Business Practices Act

36. Plaintiffs incorporate by reference each allegation set forth above.

37. Actions for relief under the unfair competition law may be based on any business act or practice that is within the broad definition of the UCL. Such violations of the UCL occur as a result of unlawful, unfair or fraudulent business acts and practices. A plaintiff is required to provide evidence of a causal connection between a defendant's business practices and the alleged harm--that is, evidence that the defendant's conduct caused or was likely to cause substantial injury. It is insufficient for a plaintiff to show merely that the

defendant's conduct created a risk of harm.  Furthermore, the "act or practice" aspect of the statutory definition of unfair competition covers any single act of misconduct, as well as ongoing misconduct.

### UNFAIR

38. California Business & Professions Code § 17200 prohibits any "unfair … business act or practice."  Defendants' acts, omissions, misrepresentations, and practices as alleged herein also constitute "unfair" business acts and practices within the meaning of the UCL in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct.  There were reasonably available alternatives to further Defendants' legitimate business interests, other than the conduct described herein.  Plaintiffs reserve the right to allege further conduct which constitutes other unfair business acts or practices.  Such conduct is ongoing and continues to this date.

39. In order to satisfy the "unfair" prong of the UCL, a consumer must show that the injury: (1) is substantial; (2) is not outweighed by any countervailing benefits to consumers or competition; and, (3) is not one that consumers themselves could reasonably have avoided.

40. Here, Defendants' conduct has caused and continues to cause substantial injury to Plaintiffs and members of the Class.  Plaintiffs and members of the Class have suffered injury in fact due to Defendant's decision to charge them for funds that they do not owe.  Thus, Defendant's conduct has caused substantial injury to Plaintiff and the members of the Class.

41. Moreover, Defendants' conduct as alleged herein solely benefits Defendants while providing no benefit of any kind to any consumer.  Defendants unfairly

profited in that Defendants knew that the funds were not owed.  Thus, the injury suffered by Plaintiffs and the members of the Class is not outweighed by any countervailing benefits to consumers.

42. Finally, the injury suffered by Plaintiffs and members of the Class is not an injury that these consumers could reasonably have avoided.  After Defendants, falsely represented the funds, these consumers suffered injury in fact due to Defendants' charging of unauthorized funds.  Therefore, the injury suffered by Plaintiff and members of the Class is not an injury which these consumers could reasonably have avoided.

43. Thus, Defendant's conduct has violated the "unfair" prong of California Business & Professions Code § 17200.

FRAUDULENT

44. California Business & Professions Code § 17200 prohibits any "fraudulent ... business act or practice."  In order to prevail under the "fraudulent" prong of the UCL, a consumer must allege that the fraudulent business practice was likely to deceive members of the public.

45. The test for "fraud" as contemplated by California Business and Professions Code § 17200 is whether the public is likely to be deceived.  Unlike common law fraud, a § 17200 violation can be established even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage.

46. Here, not only were Plaintiffs and the Class members likely to be deceived, but these consumers were actually deceived by Defendant.  Such deception is evidenced by the fact that Plaintiffs paid a higher interest under the basic assumption that this interest rate was correct.  Plaintiffs' reliance upon Defendants' deceptive statements is reasonable due to the unequal bargaining

12
**CLASS ACTION COMPLAINT**

powers of Defendants and Plaintiffs. For the same reason, it is likely that Defendants' fraudulent business practice would deceive other members of the public.

47. As explained above, Defendants deceived Plaintiffs and other Class Members by representing that they owed funds that they did not owe.

48. Thus, Defendant's conduct has violated the "fraudulent" prong of California Business & Professions Code § 17200.

UNLAWFUL

49. California Business and Professions Code Section 17200, et seq. prohibits "any unlawful…business act or practice."

50. As explained above, Defendant deceived Plaintiff and other Class Members by taking out unauthorized funds from their accounts.

51. Defendant used false advertising, marketing, and misrepresentations to induce Plaintiffs and Class Members to charge Plaintiffs unauthorized funds, in violation of the RFDCPA.  Defendants' conduct therefore caused and continues to cause economic harm to Plaintiff and Class Members.

52. These representations by Defendants are therefore an "unlawful" business practice or act under Business and Professions Code Section 17200 *et seq*.

53. Defendants have thus engaged in unlawful, unfair, and fraudulent business acts entitling Plaintiff and Class Members to judgment and equitable relief against Defendants, as set forth in the Prayer for Relief.  Additionally, pursuant to Business and Professions Code section 17203, Plaintiffs and Class Members seek an order requiring Defendants to immediately cease such acts

13
<strong>CLASS ACTION COMPLAINT</strong>

of unlawful, unfair, and fraudulent business practices and requiring Defendants to correct its actions.

PRAYER FOR RELIEF

Plaintiffs, on behalf of themselves and the Class, requests the following relief:

(a)     An order certifying the Class and appointing Plaintiffs as Representative of the Class;

(a)     An order certifying the undersigned counsel as Class Counsel;

(b)     An order requiring Defendants, at its own cost, to notify all Class Members of the unlawful and deceptive conduct herein;

(c)     An order requiring Defendants to engage in corrective action regarding the conduct discussed above;

(d)     Actual damages suffered by Plaintiffs and Class Members as applicable or full restitution of all funds acquired from Plaintiffs and Class Members during the relevant class period;

(e)     Punitive damages, as allowable, in an amount determined by the Court or jury;

(f)     Any and all statutory enhanced damages;

(g)     All reasonable and necessary attorneys' fees and costs provided by statute, common law or the Court's inherent power;

(h)     Pre- and post-judgment interest; and

(i)     All other relief, general or special, legal and equitable, to which Plaintiff and Class Members may be justly entitled as deemed by the Court.

///

///

**Trial by Jury**

Pursuant to the seventh amendment to the Constitution of the United States of America, Traylor is entitled to, hereby does demand a jury trial.

Dated: October 14, 2016

By:/s/Todd M. Friedman
Todd M. Friedman, Esq.
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
Attorneys for Plaintiff

15
**CLASS ACTION COMPLAINT**